O’NIELL, Chief Justice.
 

 The Producers Oil & Gas Company is appealing from a judgment dismissing the company’s suit on an exception of no cause or right of action. The object of the suit is to have a certain oil and gas lease declared continued in effect by virtue of certain drilling operations which the lessee, Producers Oil & Gas Company, was conducting when the five-year term of the lease expired. The contract of lease was entered into on the 15th day of October, 1931, for the primary term of five years. Hence the term had expired when this suit was filed, on January 18, 1937, unless the term was extended by the fact that the lessee commenced drilling a well on October 8, 1936, and continued the drilling until November 26, 1936. It is alleged ip the plaintiff’s petition that the drilling of the well ceased on November 26, 1936, at a depth of 980 feet, at which depth the drill “penetrated the Natchitoches sand, which is productive of gas in this locality.” The stipulation in the lease, which the plaintiff in this suit relies upon, to support the contention that the term of the lease was extended or continued by effect of the drilling which was being done when the five-year term of the lease ended, is in the sixth paragraph, viz.:
 

 “If, at the expiration of the primary term [five years], oil or gas is not being produced on said land, but lessee is then engaged in drilling or re-working operations thereon, the lease shall remain in force so long as operations are prosecuted with no cessation for more than 30 consecutive days, and, if they [the drilling or re-working operations] result in the production of oil or gas, [the lease shall remain in force] so long thereafter as oil or gas is produced from said land.”
 

 The reason why the drilling which the lessee was engaged in, at the expiration of the primary term of the lease, did not continue the lease in force up to the date when this suit was filed, January 18, 1937, is that the drilling ceased on November 26, 1936, and hence there was a “cessation for more than 30 consecutive days” before the suit was filed. The fact that the drilling operations ceased on November 26, 1936, is alleged in the plaintiff’s petition. The allegation that a certain sand was penetrated, which was productive of gas in the locality of the well, did not mean that the drilling of the well resulted in the production of oil or gas — as required to keep the lease in force.
 

 
 *567
 
 It is contended in the plaintiff’s petition that the defendants, lessors, were obliged to give the plaintiff, lessee, sixty days’ written notice before the lease could be declared forfeited. The clause in the lease, relating to the sixty days’ written notice, has no application to- the expiration of the term of the lease. The clause has reference to drilling operations during the term of the lease, viz.:
 

 “And in the event lessor considers that operations are not being conducted in compliance with this contract, lessee shall be notified in writing of the facts relied upon as constituting a breach hereof, and lessee shall have sixty (60) days after receipt of such notice to comply with the obligations imposed by virtue of this instrument.”
 

 According to the allegations of the plaintiff’s petition, and the terms of the contract of lease, which was filed by the plaintiff in response to a prayer for oyer, the plaintiff has no cause or right of action.
 

 The judgment is affirmed.
 

 HIGGINS, J., absent.