FOURNET, Justice.
 

 This is an appeal from a judgment maintaining defendants’ exception of no cause and no right of action and dismissing plaintiffs’ suit to set aside five certain oil, gas, and mineral leases affecting their respective properties, executed by them in favor of the defendant H. E. Dalton on the ground that the leases had expired under their terms.
 

 The allegations of fact in the petition which, for the purposes of disposing of the exceptions, must be accepted as true are that Dalton on January 23, 1936, acquired five oil, gas, and mineral leases in Acadia ■ Parish from ■ the plaintiffs, John C. Sittig, Thannas Fuselier, Albert Roy, Lufus Daigle, George Staple-ton, and LeRoy Glaze. There was attached to each lease a rider declaring that the consideration therefor was the agreement on the part of Dalton to begin the actual drilling of a well on any portion of the property described therein
 
 *768
 
 —being the property covered by the five leases, less three certain 100-acre tracts then under commercial lease — within 90 days from the date of the perfection of the title to the property, this time in no event to exceed a period of six months from the date of the lease, and to diligently prosecute the drilling thereof to a depth of 8,500 feet. It was also provided in the rider that, in the event the first well was a dry hole, the lease could be kept alive by the commencement of the actual drilling of a second well within 90 days from the abandonment of the former well, on any portion of said described property. Pursuant to this agreement, actual drilling operations were begun on July 23, 1936, on a location known as the Sittig Well No. 1, and when the same was abandoned on April 17, 1938, a depth of approximately 5,000 feet only had been reached. About August of 1938- the rig was moved to a new location known as the Sittig Well No. 2, but drilling operations on this new location had progressed to a depth of only 916 feet on October 16, 1938, to which depth only four feet had been added by December of 1938, at which time all operations ceased without the discovery of any oil, gas, or other minerals. At the time that this suit was filed on April 21, 1939, nothing further had been done on the property.
 

 It is shown by the allegations of plaintiffs’ petition that the several defendants in this case were, at the time this suit was filed, by virtue of several subsequent assignments and transactions, interested in these oil, gas, and mineral leases in varying proportions. It is unnecessary for a decision in this case that all of these transactions be given in detail here since from the foregoing it is evident that the terms of the several leases had expired unless the contention of the defendants, which was maintained by the trial judge, is correct. The basis on which the trial judge sustained the exceptions is that the plaintiffs failed to give the defendants the 60-day written notice, as required by a clause in the lease, of their intention to cancel the leases.
 

 All of the five leases in this case were executed on a standard printed form known as Bath’s Form No. 12, Louisiana, and the clause referred to is contained in paragraph 8 thereof, which reads as follows :
 

 “* * * And in the event Lessor considers that operations are not being conducted in compliance with this contract, lessee shall be notified in writing of the facts relied upon as constituting a breach hereof and lessee shall have sixty (60) days after receipt of such notice to comply with the obligations imposed by virtue of this instrument.”
 

 In our recent decision- in the case of Producers’ Oil & Gas Co., Inc. v. Continental Securities Corporation, 188 La. 564, 177 So. 668, 669, we had for consideration the identical question raised here. It was contended there as in this case that, even though the primary term of the lease had expired, the lessor could not forfeit the lease until he had given the lessee the 60-day written notice pro
 
 *770
 
 vided for in a clause which is an exact replica of the one hereinabove quoted. In disposing of the matter we held that: “The clause in the lease, relating to the sixty days’ written notice, has no application to the expiration of the term of the lease.
 
 The clause has reference to drilling operations during the term of the lease."
 
 (Italics ours.)
 

 We are therefore of the opinion that plaintiffs’ petition does set forth a right and a cause of action and that the exceptions were improperly maintained.
 

 For the reasons assigned, the judgment appealed from is annulled, the exceptions of no cause and no right of action are overruled, and the case is ordered remanded to the district court for further proceedings consistent with the views herein expressed. Costs of this appeal are to be paid by the defendants; all other costs are to await the final disposition of the, case.
 

 HIGGINS and LAND, JJ., absent.